UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOSHUS BORKHOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-309 PS |
| | ) | |
| BRUCE LEMMON, Commissioner, | ) | |
| Indiana Department of Correction, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Joshus Borkholder is a prisoner confined at the Miami Correctional Facility ("MCF") who alleges that MCF officials took away his Vegan religious diet without valid grounds. The defendants are Indiana Department of Correction ("IDOC") Commissioner Bruce Lemmon, MCF Superintendent Mark Sevier, MCF Religious Director Stephen Hall, and MCF Administrative Assistant Clair Barnes. The complaint seeks only declaratory and injunctive relief, there is no request for damages [DE 1 at 3].

Pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007). Instead the Supreme Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 545. In *Erickson v. Pardus*, 551 U.S. 89 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Id.* at 94. The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**.** In the end, a complaint, to withstand a motion to dismiss, must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Borkholder brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Borkholder states that he was given a Vegan diet at the MCF on religious grounds, but that on June 15, 2012, he received notice that his diet was being revoked because he had ordered Raman Noodles from the commissary [DE 1 at 3]. According to the complaint, Defendant Barnes believed that the Raman Noodle order constituted a breach of Borkholder's Vegan diet because it was a meat product [*Id.*]. Borkholder contested this, pointing out that the Raman Noodles "have no meat products in it, and the soup base comes in a small seasoning packet, which I do not eat. . . . So I am not violating any Vegan diet principles" [DE 1 at 3-4] (emphasis in original). Borkholder alleges that the Defendants' actions violate the First Amendment free exercise of religion clause and 42 U.S.C. § 2000cc, and also violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Prison administrators must permit inmates a reasonable opportunity to exercise religious freedom. *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987).

The Religious Land Use and Institutionalized Persons Act provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability." 42 U.S.C. § 2000cc-1(a). "[A] substantial burden on religious exercise is one that necessarily bears

3

direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable." *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003). Under RLUIPA, a substantial burden may be justified only if "the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a claim may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Borkholder the benefit of the inferences to which he is entitled at the pleadings stage, his claim that IDOC officials interfered with the exercise of his religion by revoking his religious diet states a plausible First Amendment free exercise claim as well as a plausible RLUIPA claim.

For the Foregoing reasons, I:

(1) **GRANT** the Plaintiff leave to proceed against the Defendants in their official capacities for declaratory and injunctive relief on his claim that their actions interfered with the exercise of his religion in violation of the First Amendment's free exercise clause and on his claim that the Defendants' actions violated the provisions of RLUIPA by placing an unreasonable and substantial burden on the exercise of his religion;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **GRANTS** the Plaintiff's Request for service by the United States Marshals Service (DE 3), **DIRECTS** the Marshals Service to effect service of process on the Defendants, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED**.

ENTERED: October 26, 2012

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT