# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSHUS BORKHOLDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:12-CV-309 PS |
| vs. | ) |
| | ) |
| BRUCE LEMMON, MARK SEVIER, | ) |
| STEPHEN HALL and CLAIR BARNES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

It is not every day that someone makes a federal case out of ramen noodles. But unfortunately that's what Joshus Borkholder had to do. *Pro se* prisoner Borkholder challenges the decision of Indiana Department of Correction officials to revoke his vegan diet, which he adheres to for religious reasons, solely because he ordered chicken-flavored ramen noodles from the prison commissary. Before me are the parties' cross-motions for summary judgment. (DE 20, 24.)

## FACTUAL BACKGROUND

The facts are undisputed. Borkholder is an inmate housed at Miami Correctional Facility ("MCF"). (DE 20, Borkholder Decl. ¶ 1.) Borkholder chose to become a vegan after his incarceration based on "continual study" of his religious beliefs. (*Id.* ¶ 2.) Specifically, he believes that it is "wrong to slaughter harmless animals for food when there [are] other natural foods being grown for human consumption." (*Id.*) Accordingly, he requested and was granted a "personal preference" vegan diet at MCF. (DE 25, Defs.' Facts ¶ 4.) Under IDOC policy, "personal preference diets are those foods voluntarily refused by an offender because of religious or moral reasons." (DE 24-3, IDOC Manual of Policies and Procedures, Development &

Delivery of Food Services ("IDOC Policy") § XXVI.) Personal preference diets are recorded and monitored by IDOC staff to keep track of the food services required for each inmate, and to ensure the orderly administration of prison food services. (DE 25, Defs.' Facts ¶ 5.) IDOC policy provides that "personal preference diet cards may be confiscated if an offender abuses or misuses the privilege by voluntarily consuming the self-prohibited foods." (DE 24-3, IDOC Policy § XXVI.)

On June 19, 2012, Borkholder was informed by Clair Barnes, an administrative assistant at MCF, that his personal preference diet was being revoked because he "purchased meat products from commissary." (DE 24-1 at 6.) He was instructed that after 90 days, he could submit a written request "stating the reasons why your diet should be reinstated." (*Id.*) Borkholder sent Barnes a response, stating that he was "sure there is some mistake," because he had not ordered any meat products from the commissary. (*Id.* at 8.) He asked her to "please be more specific so I know exactly what caused this." (*Id.*) Barnes responded, "I am in receipt of your request for reconsideration. I stand by my response. I reviewed your commissary orders. You ordered meat products, including an order in May of 18 packages of chicken ramen noodles."[1] (*Id.* at 9.) In essence, Borkholder's diet was revoked because the seasoning packet accompanying the ramen noodles was chicken-flavored, which IDOC considered to be a meat product. (DE 25, Defs.' Facts ¶ 2.)

Borkholder admits that he purchased chicken-flavored ramen noodles from the commissary, but he does not eat the broth packet containing the seasoning. (DE 20, Borkholder

---

[1] The defendants do not submit Borkholder's commissary records or otherwise provide evidence regarding any other products containing meat he may have purchased.

Decl. ¶ 6.) Instead, he throws the packet away and eats the noodles plain or with peanut butter. (*Id.*) The defendants have offered no evidence disputing this fact. The prison commissary does not offer a vegetarian noodle option. (*Id.*) Borkholder filed a grievance over the revocation of his diet and explained that he does not eat the broth packet, but his grievances were denied. (DE 24-1 at 10-11.) Thereafter, he filed this lawsuit against Barnes, IDOC Commissioner Bruce Lemmon, MCF Superintendent Mark Sevier, and MCF Religious Director Stephen Hall. I granted him leave to proceed against these defendants in their official capacities.

This isn't one of those cases where Borkholder seeks million of dollars for the defendants' failure to provide him his vegan diet. In fact, he seeks no damages at all. All he wants is his ramen noodles and his vegan diet restored. Therefore, Borkholder only seeks declaratory and injunctive relief pertaining to his right to a vegan diet (DE 7). The case is now before me on cross motions for summary judgment.

## DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under the First Amendment, prisoners enjoy a right to the free exercise of their religion. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). A prison may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). In determining whether an asserted

3

justification is rationally related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate, the impact an accommodation of the asserted right would have on guards and other inmates, and whether there are "obvious alternatives" to the restriction, thus demonstrating that the restriction is an exaggerated response to penological concerns. *Ortiz*, 561 F.3d at 669.

Inmates are entitled to broader religious protection under Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides:

> No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
>
> > (1) is in furtherance of a compelling governmental interest; and
> > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Unlike the First Amendment, under RLUIPA a violation occurs even when the burden on the inmate's religion results from a rule of "general applicability." *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). If a plaintiff demonstrates that his religious exercise has been substantially burdened, the burden shifts to the defendants to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009). In making this determination, courts must afford "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005). However, a court "can only give deference to the positions of prison officials as required

by *Cutter* . . . when the officials have set forth those positions and entered them into the record." *Koger*, 523 F.3d at 800.

As an initial matter, the defendants argue that because Borkholder's vegan diet was restored at some point after he filed this lawsuit, his claims have become moot.[2] (DE 25 at 9-10.) I disagree. It is well established that a defendant's voluntary cessation of a challenged practice does not necessarily moot a case. *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 925 (7th Cir. 2007). Instead, the question is "whether the complained-of conduct may be resumed." *Id.* Here, the defendants do not concede that Borkholder's diet was improperly suspended; instead, they defend the decision to revoke his diet based solely on his purchase of chicken-flavored ramen noodles. (DE 25 at 10-11.) Borkholder asserts that there is still no vegetarian noodle option available in the commissary, and the defendants do not demonstrate otherwise. (*See* DE 28 at 10, 15.) By the defendants' reasoning, anytime Borkholder orders meat-flavored ramen noodles in the future, regardless of whether he consumes the seasoning packet, his vegan diet is subject to revocation. Under these circumstances, the case has not become moot.

The defendants also argue that Borkholder's filings do not comport with the formal requirements of the federal and local rules, and should be stricken or denied for this reason alone. (DE 22, 30.) However, as a *pro se* litigant, Borkholder's filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While his filings may be less artful than those prepared by an attorney, they are all neatly presented, comprehensible, and contain cogent arguments in support of his claims. The defendants are incorrect when they state that

---

[2] It is not clear from the record when this occurred, but the defendants assert (without argument from Borkholder) that he was receiving a vegan diet as of the date the motion for summary judgment was filed. (DE 25, Defs.' Facts ¶ 14.)

Borkholder failed to submit any evidence in support of his claims (*see* DE 22 at 3), since he submitted his own declaration as well as correspondence he received from prison staff. (DE 20, 28.) The declaration properly attests to matters within his personal knowledge, and the defendants have raised no objection to the authenticity of the letters. *See* FED. R. CIV. P. 56(c)(2) (materials submitted in connection with a motion for summary judgment are objectionable only if they "cannot be presented in a form that would be admissible in evidence"). Indeed, the defendants agree to the factual basis of Borkholder's claim, which is that his diet was revoked solely because of his ramen noodle purchases. (DE 25, Defs.' Facts ¶ 2.) The only issue for me to decide is whether IDOC's actions accord with federal law. Under these circumstances, I decline to strike or deny any of Borkholder's filings on procedural grounds.

The defendants raise two other arguments that are non-starters. First, they argue that they are entitled to summary judgment because they had no personal involvement in the underlying events. (DE 25 at 7-8.) That argument might carry some weight if Borkholder were trying to obtain an award of damages from the defendants in their individual capacities. He is not. As I mentioned before, he is only proceeding against the defendants in their official capacities for declaratory and injunctive relief regarding his right to a vegan diet. (DE 7 at 4.) Unlike a claim for monetary damages, an official capacity claim for equitable relief does not require personal involvement by the defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

In a similar vein, the defendants argue that Borkholder cannot proceed against them on a "policy and practice" claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), because *Monell* only applies to municipalities. (DE 25 at 9; DE 30 at 2-3.) They may

be right, but why they devote attention to such an argument is a mystery, since Borkholder was not granted leave to proceed on a claim under *Monell*. (*See* DE 7.)

Instead, the only issue to be decided is whether Borkholder's religious rights were violated when his vegan diet was revoked. On this point, the undisputed evidence shows that Borkholder holds a religious belief that requires him to adhere to a vegan diet. He purchased chicken-flavored ramen noodles from the prison commissary, as no vegetarian noodle option was available to him. However, he did not eat the meat flavoring packet and instead discarded it. Nevertheless, solely because of his ramen noodle purchases, his vegan diet was revoked. Based on the record, he has demonstrated a substantial burden to his religious practice. *Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) (denial of non-meat diet to Catholic inmate on Fridays and during Lent substantially burdened his religious practice); *Hunafa v. Murphy*, 907 F.2d 46, 47-48 (7th Cir. 1990) (reversing summary judgment for defendants where Muslim inmate was denied a non-pork diet in contravention of his religious beliefs).

The burden then shifts to the defendants to provide an adequate justification for their actions that is premised on legitimate penological interests, such as safety or security concerns. *Nelson*, 570 F.3d at 877; *Koger*, 523 F.3d at 800. Under RLUIPA, the defendants must satisfy an even higher burden by showing that the challenged action was the least restrictive means of furthering a compelling government interest. *Koger*, 523 F.3d at 800. Although prison officials are entitled to deference in this regard, deference is required only as to reasons that are actually demonstrated in the record. *Id.* Here, the defendants offer little in the way of specific justifications for their actions. They make several general assertions, including that their actions furthered the "effective administration of food services," and that "[o]fficials must have the

ability to revoke special diets when offenders deviate from their choices or abuse the system." (DE 25 at 11.) However, these assertions are not supported by citation to any record evidence. (*See id.*) They also assert that "[t]here is no evidence that the Defendants did not revoke [Borkholder's] personal preference diet for reasons that were not based on valid penological interests." (DE 25 at 11.) This is an unhelpful statement, since the defendants carry the burden on this prong of the inquiry.

The defendants point to the IDOC policy as a justification for what occurred, but the policy does not state that an inmate's religious diet will be revoked simply because he orders a product containing meat seasoning, no matter how minimal, from the prison commissary. Instead, it states that a personal preference diet card may be confiscated if an inmate "abuses or misuses the privilege by voluntarily consuming the self-prohibited foods." (DE 24-3, IDOC Policy § XXVI.) Such a policy is legitimately geared toward weeding out prisoner diet requests that are insincere and are made simply to play games with prison staff. *Reed v. Faulkner*, 842 F.2d 960, 963 (7th Cir. 1988); *Vinning-El*, 657 F.3d at 594 (a prison is entitled to ensure that a request reflects a sincere religious belief, rather than "a prisoner's desire to make a pest of himself and cause trouble for his captors").

Here, however, the undisputed evidence is that Borkholder never voluntarily consumed any meat products. The mere fact that he purchased a product containing separately packaged meat-flavored seasoning cannot serve as conclusive evidence that his beliefs are insincere, particularly when no vegetarian option was available to him. *See Reed*, 842 F.2d at 963 ("It would be bizarre for prisons to undertake in effect to promote strict orthodoxy, by forfeiting the religious rights of any inmate observed backsliding, thus placing guards and fellow inmates in

8

the role of religious police."); *see also Vinning-El*, 657 F.2d at 594 (observing that "sincerity rather than orthodoxy is the touchstone" for protection of an inmate's religious beliefs). The defendants have failed to satisfy their burden.

The defendants argue that if Borkholder's rights were violated, they are nevertheless entitled to qualified immunity. (DE 25 at 12.) Qualified immunity protects government officials "from liability for civil damages," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and as stated above, Borkholder is not seeking damages in this case. Even if the doctrine were applicable, it would not extend to the actions of the IDOC in this case. Qualified immunity protects government officials so long as their conduct did not violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow,* 457 U.S. at 818-19. Here, the defendants argue that they are entitled to qualified immunity because Borkholder "has pointed to no case that would establish the rights at issue." (DE 25 at 12.) To the contrary, Borkholder has cited a number of relevant cases dating back to 1988, including *Reed* and *Koger* referenced above. (*See* DE 21, 28.) These cases outline an inmate's right to a religious diet, and describe the impropriety of prison officials acting as "religious police" by forfeiting an inmate's religious rights whenever he is observed "backsliding" (if Borkholder's conduct can even be characterized as that). These cases, as well as *Vinning-El*, *Nelson,* and *Mustafa,* would have put a reasonable prison official on notice that Borkholder's religious diet could not be revoked simply because he purchased chicken-flavored ramen noodles. The defendants make no effort to discuss or distinguish these cases, nor do they point me to any cases where a court upheld revocation of an inmate's religious diet in the type of

9

circumstances presented here. In short, for any number of reasons, they are not entitled to qualified immunity.

So Borkholder has established that his religious rights were violated entitling him to injunctive relief aimed at ameliorating the violation of his rights. But I must bear in mind that under the Prison Litigation Reform Act, injunctive relief directed at unconstitutional prison conditions must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). Accordingly, I will enter an injunction which precludes the IDOC from revoking Borkholder's vegan diet simply because he purchases chicken-flavored ramen noodles from the prison commissary, or a similar product containing separately packaged meat flavoring that can be readily discarded, when no vegetarian option is available. This does not preclude officials from revoking Borkholder's vegan diet if, in the future, he demonstrates a lack of sincerity for his professed beliefs by regularly consuming meat products. *See Koger*, 523 F.3d at 797; *Reed*, 842 F.2d at 963. Finally, because he is the prevailing party, Borkholder is entitled to an award of costs in this case. *See* 28 U.S.C. § 1920; FED. R. CIV. P. 54(d).

## CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment (DE 24) is **DENIED**. The plaintiff's motion for summary judgment (DE 20) is **GRANTED.** The defendants are **ENJOINED** from revoking Joshus Borkholder's vegan diet simply because he purchases chicken-flavored ramen noodles, or a similar product containing separately packaged meat flavoring that can be readily discarded, from the prison commissary, when no vegetarian option

is available to him. Within 30 days of this order, Borkholder shall submit a bill of costs outlining the litigation expenses for which he seeks reimbursement from the defendants. The defendants may file an objection, if any, 14 days thereafter.

    **SO ORDERED**.
    ENTERED: October 24, 2013

                                           s/ Philip P. Simon
                                           PHILIP P. SIMON, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT